741 F.2d 312
 35 Fair Empl.Prac.Cas. 1232,
34 Empl. Prac. Dec. P 34,578, 39 Fed.R.Serv.2d 1253
 UNITED TELECOMMUNICATIONS, INC., et al., Petitioners,
v.
Dale E. SAFFELS, United States District Judge for the
District of Kansas, Respondent,
Phyllis Wilson Hoffman and Equal Employment Opportunity
Commission, Respondent and Real-Parties-in-Interest.
 No. 84-1811.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 15, 1984.
 
 Gerald S. Hartman of Vedder, Price, Kaufman, Kammholz & Day, Washington, D.C. (Richard J. Croker, Westwood, Kan., and James S. Petrie of Vedder, Price, Kaufman, Kammholz & Day, Chicago, Ill., on the brief), for petitioners.
 Irene L. Hill (Johnny J. Butler, Acting Gen. Counsel, Philadelphia, Pa., Philip B. Sklover, Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, E.E.O.C., Washington, D.C., on the brief), for real-party-in-interest E.E.O.C.
 David J. Waxse of Payne & Jones, Chartered, Olathe, Kan. (Karen A. Plax, Kansas City, Mo., and H. Thomas Payne of Payne & Jones, Chartered, Olathe, Kan., on the brief), for plaintiff and real-party-in-interest Hoffman.
 Before DOYLE, McKAY and SEYMOUR, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 This is a petition for a writ of mandamus. The underlying action was commenced by an employee of petitioner, seeking relief from alleged discrimination and seeking certification of a class of females of which she would allegedly be a proper representative. Nearly a year after the action was commenced, the Equal Employment Opportunity Commission (EEOC or Commission) filed a motion for leave to intervene pursuant to sections 705(g)(6) and 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-4(g)(6) and 2000e-5(f)(1) (1982), and Rule 24(b) of the Federal Rules of Civil Procedure. The Commission sought to obtain relief on behalf of the same group of individuals whom the individual plaintiff had sought to represent as a class representative. In seeking intervention, the Commission certified that the case was of general public importance. 42 U.S.C. Sec. 2000e-5(f)(1).
 
 
 2
 In 1977, the district court granted the EEOC's motion to intervene, pursuant to Federal Rules of Civil Procedure 24(b)(1) and sections 2000e-4(g)(6) and (f)(1). After an incredible delay of six years (not the fault of the court), the cause and details of which are not relevant to this disposition, the EEOC requested authority to seek relief for the group of individuals identified in the Commission's complaint. Over objection, the trial court permitted the EEOC to seek relief on behalf of the class without following the procedures for class certification set forth in Federal Rules of Civil Procedure 23.
 
 
 3
 Petitioner seeks mandamus in this court to compel the trial court to follow Rule 23 before letting the Commission represent persons other than the private plaintiff who commenced the action in the first instance and, in the alternative, to compel the court to certify this dispute for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b) (1982).
 
 
 4
 When the Commission brings the action for discrimination in its own name neither it nor the trial court is required to comply with Rule 23 in order for the Commission to seek class-wide relief. General Telephone Co. v. EEOC, 446 U.S. 318, 323-34, 100 S.Ct. 1698, 1702-08, 64 L.Ed.2d 319 (1980). "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." Id. at 326, 100 S.Ct. at 1704. In enforcing these suits the EEOC "is not merely a proxy for the victims of discrimination...." Id. It follows, as the Supreme Court noted, that its "enforcement suits should not be considered representative actions subject to Rule 23." Id.
 
 
 5
 Petitioner argues that when the EEOC acts not as the initiator of a suit, but as an intervenor, the trial court is without jurisdiction to permit that intervention on behalf of a class without making the EEOC comply with Rule 23. Title VII was amended in 1972 to give the EEOC more meaningful enforcement powers. Pub.L. No. 92-261, 86 Stat. 103 (codified as amended at 42 U.S.C. Sec. 2000e-5 (1982)). The relevant portions of the amended section permitting the Commission to intervene in a previously commenced private action has no such limitation. In relevant part, it provides that "[u]pon timely application, the court may, in its discretion, permit the Commission ... to intervene in ... civil actions upon certification that the case is of general public importance." 42 U.S.C. Sec. 2000e-5(f)(1) (1982). In this case, the Commission certified that the case was of general public importance. The trial court, in exercise of its discretion, permitted the intervention. Both the spirit and letter of the statute permitting intervention were satisfied. Not only the language of the statute, but the legislative history, supports the view that the purpose of intervention is vindication of the general public interest. When Senator Williams introduced the amendment to permit the Commission to intervene, he explained:
 
 
 6
 The amendment is to clear up an inconsistency whereby the general counsel of the Commission may bring a civil action for the Commission, but might not be able to protect the Commission's interest in a case where [a] private litigant is involved.
 
 
 7
 118 Cong.R. 4814 (1972) (emphasis added).
 
 
 8
 From the language of the Act and the legislative history, it is apparent that Congress viewed the Commission's role in suits initiated by it or in which it intervened to serve the identical purpose.
 
 
 9
 That Congress required the Commission to satisfy certain administrative procedures before initiating a law suit on its own does not require us to find an ambiguity in the plain language of Section 706(f)(1), which permits intervention without requiring the satisfaction of those administrative procedures. It would be a tortured construction to conclude that when intervening, the Commission somehow becomes subject to Rule 23 when in fact the Supreme Court has made clear that the Commission is not subject to Rule 23 when bringing a direct action in the first instance. In the section permitting intervention Congress required only two prerequisites: (1) certification by the Commission that its intervention is in the public interest; and (2) the exercise of discretion by the trial court before permitting intervention. If Congress had meant Rule 23 to be a substitute for the investigative procedure required in a direct action, it would have said so. To require compliance with Rule 23 would contradict the plain reasoning and mandate of the Supreme Court in General Telephone.
 
 
 10
 Since the Commission is not required to satisfy the mandate of Rule 23 when it intervenes in a private action, the trial court clearly had jurisdiction to permit intervention on the terms and conditions in this case. As the trial court had jurisdiction to act as it did, we are without jurisdiction to review its action by way of mandamus. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). The trial court's exercise of discretion in determining whether to permit intervention is not reviewable by writ of mandamus absent a judicial usurpation of power. We find no abuse of that discretion. For the reasons given, we are without jurisdiction to order the trial court to certify the issue here discussed for interlocutory appeal.
 
 
 11
 The petition for writ of mandamus is dismissed for want of jurisdiction in this court.